PHILIP GOLDBERG and MAX MILSTEIN, Plaintiffs, *v.* ALFRED W. NOREK, Defendant.

(Supreme Court, Kings Special Term for Trials, October, 1917.)

Mortgages — " usual " clauses — statutes.
Specific    performance — contracts — title — actions — pleading — judgments — mortgages — evidence.

> Whether a clause in a mortgage is " usual " is a question of fact the determination of which depends upon whether it has been in general use, not whether it has a certain legal effect or even whether it conforms to any statute.
> At the time of closing title under a land contract which required the vendees to give a mortgage containing the usual sec-

ond mortgage clauses and conditions, they objected to a number of the clauses, and claiming that defendant would not perform the contract brought an action to impress a lien on the property for the down payment and for their expenses, and the defendant denying a failure on his part to perform the contract counterclaimed for a specific performance thereof. Upon the trial plaintiffs insisted that clauses in the mortgage requiring the mortgagor upon request to certify the amount due on the mortgage and providing in case of foreclosure for the appointment of a receiver without notice, and the assignment of the rents, were unusual, but the court found upon uncontradicted evidence that said clauses were in fact the usual clauses and conditions found in second mortgages. *Held,* that the complaint should be dismissed and defendant given judgment for the specific performance of the contract.

Action to impress a lien on real property.

Meyer D. Siegel, for plaintiffs.

H. S. & C. G. Bachrach, for defendant.

Cropsey, J. The vendees under a contract to purchase real property sue to impress a lien for the sum paid on account and for their expenses, claiming the defendant would not perform. The defendant denies any failure on his part and counterclaims for a judgment of specific performance. The differences between the parties are two-fold. The plaintiffs claim the defendant insisted upon the execution of a mortgage containing clauses not called for by the contract, and that there was a warranty in the contract as to the rents of the property which was untrue.

The contract required the purchasers to execute a mortgage containing the " usual second mortgage clauses and conditions." At the time of closing the plaintiffs objected to a number of the clauses in the mortgage. Some of these the defendant then offered

to withdraw. On the trial the plaintiffs withdrew some of their claims but strenuously insisted that some of the clauses were unusual, and especially those requiring the mortgagor upon request to certify the amount due on the mortgage, and providing in the event of a foreclosure for the appointment of a receiver without notice, and the assignment of the rents.

The plaintiffs in their brief submitted after the trial for the first time claim that other clauses were unusual, but they will not be discussed for no such claim was made at the time set for closing nor was it made upon the trial.

The defendant proved that the clauses in dispute were in fact the usual clauses and conditions found in second mortgages. The plaintiffs offered no evidence to the contrary. So the court found the fact to be as shown by the proof.

Nothwithstanding the finding of fact announced by the court at the close of the trial, that all the disputed clauses were usual, the plaintiffs' counsel urges that the conclusion of law must be that they are unusual. This contention seems so exceptional that it probably could and would have been readily rejected but for a decision of the Court of Appeals, which it is thought makes it desirable to write this opinion. In *Elterman* v. *Hyman,* 192 N. Y. 113, a clause assigning rents similar in effect to the one in the instant case was held to be unusual " as matter of law " (p. 117). The court added that the clause " if not entirely unprecedented, is certainly unusual." The clause requiring the mortgagor to state the amount due was also held unusual but the record shows that had been so held as matter of fact (p. 115), though there was a general finding of fact that none of the clauses was unusual (p. 114).

Whether a clause is " usual " is a question of fact. Its determination depends upon whether it has been

in general use. It is not a question of whether the clause has a certain legal effect or even whether it conforms to any statutory provision. If it was, it should be decided as a question of law. But whether it is in general use cannot be a question of law — that is plainly a question of fact to be determined upon the evidence introduced. And being found as a fact to be " usual," it is not apparent how the conclusion of law can follow adjudging it to be " unusual." The legal conclusion must be predicated upon the facts as found.

That some of the clauses in question are not contained in the statute as recently amended (Laws of 1917, chaps. 681, 682) or as it was prior thereto (Real Prop. Law, §§ 254, 258) is not controlling. The statute has always been merely permissive, and there is no provision that conveyances must be in the form set forth. The statute " does not prevent or invalidate the use of other forms." § 258. If the contract called for the clauses specified in the statute the result might be different. The determination of whether a clause is " usual " is not made by seeing if it is contained in the statute but by finding out if it actually is in general use. And it may well be " usual " although not in the statute.

There is no warranty as to the rents in the contract. The property was to be conveyed subject to certain leases " marked Nos. 1 to 20 inclusive, rentals aggregating $580 per month." Sixteen of these twenty leases were produced before the contract was signed and were examined by the buyer's attorney and initialed by him. When the time for closing came, the buyers asserted that some of the sixteen leases mentioned contained a provision allowing a short period of tenancy without paying rent, and so they claimed the rentals were not $580 a month. No fraud is

claimed. No claim is made relating to the four leases which were not produced. The others showed on their face whatever period there was to be, for which rent could not be demanded. The contract did not state the term of any of the leases except that it was " not exceeding one year." They might have run for only a month or less. The reference to the rentals was merely to the rate per month. The exhibition, examination and identification of the leases show conclusively that there was no warranty intended by the reference in question and none was in fact made.

The complaint must be dismissed and the defendant have judgment on his counterclaim for specific performance, with the costs of the action.

Judgment accordingly.